**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Isaiah Thomas FOLLET, Defendant–
Appellant.**

**No. 09–30432.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2010.*

Filed Dec. 13, 2010.

Marcia Kay Hurd, Esquire, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Kelly John Varnes, Hendrickson Everson Noennig & Woodward, PC, Billings, MT, for Defendant–Appellant.

Before: GOODWIN, RYMER, and GRABER, Circuit Judges.

MEMORANDUM **

Isaiah Thomas Follet appeals from the 60–month sentence and lifetime term of supervised release imposed following his guilty-plea conviction for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Follet contends that the district court erred by imposing a sentence above the Guidelines range after simultaneously applying an upward departure based on the inadequacy of his criminal history category, and imposing an upward variance pursuant to the 18 U.S.C. § 3553(a) sentencing factors. The record reflects that the district court did not procedurally err and that the sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 50–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); *United States v. Mohamed,* 459 F.3d 979, 988–89 (9th Cir.2006).

Follet also contends that the district court's imposition of a lifetime term of supervised release was unreasonable. We conclude that the district court was within its discretion to find that a lifetime term of supervised release was necessary to comply with the statutory goals of sentencing. *See United States v. Daniels,* 541 F.3d 915, 921–24 (9th Cir.2008).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.